No. 25,772.

THE STATE OF KANSAS, *Appellee,* v. JOHN E. SCOTT, *Appellant.*

SYLLABUS BY THE COURT.

1. HOMICIDE—*Evidence Incriminating Another—Moral Character of Third Party.* On the trial of one charged with the murder of his wife, where the prosecution relied upon circumstantial evidence and defendant offered evidence tending to show that a third person committed, or may have committed, the homicide, which offer is sufficiently connected in time and by circumstantial evidence to be competent, if the moral trait of such third party would have any bearing upon whether he would likely have committed the offense, evidence of such moral trait of such third party may be shown.

2. SAME—*Moral Character—How Shown.* In such a case such moral trait should ordinarily be shown by witnesses who are competent to testify to the general reputation of such third person as to such moral trait.

OPINION ON REHEARING.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion on rehearing filed May 9, 1925. Former order adhered to. (For original opinion of reversal, see 117 Kan. 303.)

*Charles F. Trinkle,* of La Cygne, and *John A. Hall,* of Pleasanton, for the appellant.

*Charles B. Griffith,* attorney-general, *William A. Smith,* assistant attorney-general, and *W. W. Edeburn,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Upon the former hearing of this case (117 Kan. 303), the case was reversed with directions to grant a new trial, for the reason, in part, that the trial court excluded evidence offered on behalf of the defendant tending to show that the homicide was committed, or may have been committed, by a third person. Upon rehearing, the questions previously considered were again argued and have been again considered by the court.

It is now specifically urged that even though the offered testimony should, in the main, have gone to the jury, a part of it was clearly incompetent. Included in the offer, defendant offered to show that the third person was Fred Slavens, whose home was at Pleasanton; that he was notorious in that he had been several times prosecuted and convicted and served time in the penal institutions both of Kansas and Missouri for burglary, larceny and similar offenses.

Counsel for the state now earnestly urge that this part of the offer would not be competent in any event, that had Fred Slavens been on trial himself the state could not, in the first instance, have shown these facts, hence it would not be competent for defendant to show them in an effort to prove that a third person might have committed the offense.

But the question is not to be determined upon the same considerations as though Slavens were on trial. Scott is the person who is on trial, and in attempting to show that a specific third person committed, or may have committed, the crime, if there is any relevancy in the fact of character of such third person, that is, if his character or moral trait is such that it can throw light upon the question whether or not such third person may have committed the homicide, it is competent to be shown. Mr. Wigmore, in his exhaustive treatise on Evidence (vol. 1, p. 298), after treating the question of evidence as to the character of parties in a case which ordinarily is not material, says:

"Where the character offered is that of a third person, not a party to the cause, the reasons of policy (noted *ante*, § 64) for exclusion seem to disappear or become inconsiderable; hence, if there is any relevancy in the fact of character, *i. e.*, if some act is involved upon the probability of which a moral trait can throw light, the character may well be received . . . and the principle may equally apply (subject to the limitations of §§ 139-142 [quoted in our original opinion]), to evidence the commission of any crime by a third person, particularly the forging or coercing of a will or deed, and in sundry other situations."

To the same effect is 22 C. J. 473.

In addition to the cases noted in the text, the question was before the court in *Etly v. Commonwealth*, 130 Ky. 723. There the defendant was on trial charged with the murder of his wife. He offered evidence tending to show that a third person committed the offense. The evidence was excluded and the case reversed for that reason. Included in the offer there was evidence to show that the third person in question "was a desperate character and a dangerous man who had committed numerous felonies, and that the day before Mrs. Etly was killed he was discharged from a long confinement in the city workhouse." There is no discussion in the case as to whether that particular part of the offer was objected to, but the opinion indicates that all of the proffered testimony was admissible.

In *Hines v. Commonwealth*, 136 Va. 728, 735, defendant was found guilty on circumstantial evidence of the murder of a policeman. The

case was reversed because the trial court refused to grant a new trial on account of newly discovered evidence tending to show that the homicide was committed by a third party. Included in the offered evidence was an offer to show that the third person "was a bootlegger and had said that no officer could ever carry him alive to the police station again, and that 'before he would let an officer take his whisky from him that he or the officer would wear a wooden overcoat,' " meaning a coffin. See, also, *Synon v. The People,* 188 Ill. 609.

The question next arises, how this evidence with respect to the character of the third party may be shown. Obviously, a court cannot stop the case on trial to hear extended controverted evidence in detail as to the character of a third party. Perhaps it would be difficult to state a general rule that should be followed in all cases, and that point must be left to the sound discretion of the trial court. Ordinarily it should be sufficient to show the general reputation or character of the third person in question in respect to the particular moral trait under consideration.

The former order, reversing the case for a new trial, will be adhered to.

JOHNSTON, C. J., and HOPKINS, J., dissenting.